IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO *ex rel.* RAUL TORREZ, ATTORNEY GENERAL, and the NEW MEXICO ENVIRONMENT DEPARTMENT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, and the UNITED STATES DEPARTMENT OF THE AIR FORCE,<br><br>Defendants. | Civil No. 1:25-cv-00690-GBW-LF |

### THE UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF MOTION TO HOLD CASE IN ABEYANCE PENDING TRANSFER TO MULTIDISTRICT LITIGTION CASE #2873 [ECF No. 9]

On July 30, 2025, Defendants the United States and the United States Department of the Air Force (collectively "the United States") in the above captioned case moved the Court to hold the case in abeyance pending finalization of the Judicial Panel on Multidistrict Litigation's ("Panel's") Conditional Transfer Order issued for this case to Multidistrict Litigation ("MDL") case #2873, "IN RE: Aqueous Film-Forming Foams ("AFFF") Products Liability Litigation." ECF No. 9 ("Motion"). Plaintiffs' Response in Opposition ("Response") ECF No. 10, largely turns on the merits of its argument as to why the transfer order should not be finalized (a point that will be decided by the MDL, not this Court), rather than on the practical considerations of actively litigating this case in this Court while the case may be transferred shortly. In further support of the relief requested in its Motion, the United States states the following:

1. Plaintiffs first argue that this Court retains jurisdiction over all pretrial proceedings in the present matter. ECF No. 10, at 3. The United States does not contend otherwise,

1

that the MDL's conditional transfer order deprived this Court of jurisdiction. Rather, the point is that this Court should exercise its discretion and hold this case in abeyance for what is expected to be a short time until the Panel's transfer order becomes finalized one way or the other. There are several examples of courts staying pretrial proceedings in cases where a Panel's conditional transfer order is pending in their case. *See e.g. Kellogg v. Guerra*, 2018 U.S. Dist. LEXIS 118002; *Calder v. A.O. Smith Corp.*, 2004 U.S. Dist. LEXIS 12083 (granting stay pending transfer of the case to the Multidistrict Litigation Panel) *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (citing to several other cases and noting "[it] appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved" (internal citations omitted)). In this case, if transfer to the MDL is finalized, there would be no further proceedings in this Court. Conversely, if the transfer of this case to the MDL is not finalized, the case will remain in this Court and pretrial proceedings can proceed at the Court's discretion. Either way, no resources will have been wasted by virtue of an abeyance.

2. Though Plaintiffs may believe the ultimate transfer to the MDL #2873 is "unlikely," the MDL is the proper venue for deciding the transfer issue. *See* ECF No. 10, at 4; *see also* ECF. No. 9, Attachment. That said, Plaintiffs argue that their claims have already undergone extensive discovery and briefing in the MDL and "that court has already ruled that it lacks jurisdiction over the State's claims for injunctive relief at Cannon [Air Force Base ('AFB')] and dismissed such claims (without prejudice)." ECF No. 10, at 4. But it is not true that the State has raised all of the same claims in

this case as in the earlier case. There are similarities in that the State is requesting an injunction requiring the United States Department of the Air Force ("Air Force") to perform response action for PFAS at Cannon AFB and the State is seeking the same relief in this case. That is precisely why the MDL has conditionally transferred the case. The State may or may not be right that it can win an injunction compelling the Air Force to perform response action for PFAS at Cannon AFB, but the transfer issue will be decided by the MDL, and this Court can postpone further proceedings in this case to allow the MDL to finalize the transfer of the case.

3. There already is an Air Force environmental removal action at Cannon AFB and that action has been ongoing for years. The State's claims to injunctive relief were dismissed without prejudice from the MDL on February 27, 2025, as an impermissible challenge to the Air Force's environmental response action. *See* Exhibit A to this Reply, Order, *In Re: Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2:18-mn-2873-RMG, at 33-4 (D.S.C. Feb 27, 2025) (ECF 6728) (holding that "[t]he requested relief in this case would interfere with the ongoing [Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA")] removal action at [Cannon AFB;]" thus, the claims were considered "challenges" barred under Section 113(h) of CERCLA). The claims by the State in this case as similarly flawed, notwithstanding that the State re-packaged its claims as enforcing a regulatory permit. Just as District Court Judge Richard M. Gergel recognized in the MDL, the state may have "issue[d] a permit but the permit is a challenge to the Air Force's remediation effort. And that's the complication here. It's a fiction to say we're just going along our normal regulatory process. It's not

true. Y'all are directly challenging" the Air Force's remediation efforts at Cannon AFB.[1] *See* Exhibit B, MDL "Transcript of Oral Arguments," at 101 (Feb. 7, 2025). For purposes of this abeyance motion, the Court need not decide who is correct. Instead, the Court need only recognize that this is an issue for the MDL to decide, in the context of resolving objections to finalizing transfer, and that initiation of active litigation in this case prior to a decision by the MDL on transfer finalization will not advance the ball and may be wasteful of the Court's and the parties' resources.

4. Plaintiffs argue that they will be "severely prejudiced" by the relief requested in this motion, but they have claimed urgent needs for preliminary injunctions since at least 2019. Plaintiffs additionally waited over four (4) months after the case's dismissal from the MDL to file the present case in state court, which preceded their current Motion for Preliminary Injunction by nearly another month. ECF No. 1, 4. Moreover, Plaintiffs fail to acknowledge any of the ongoing response efforts by the Air Force. There is an ongoing environmental removal effort at Cannon AFB, including the completion of a preliminary assessment in October 2015, and the completion of site inspection in March 2019. The Air Force is currently conducting a remedial investigation and feasibility study, which began in August 2020 and is scheduled for completion in August 2026. Among other actions taken, the Air Force has begun construction on a full-scale groundwater treatment system at Cannon AFB near the installation boundary, adjacent to the primary on-site source of releases and

---

[1] Judge Gergel refers to the Air Force's removal action as "remediation" efforts here (Exhibit B to this Reply), but his Order (consistent with the Air Force's position) addresses the environmental response as a removal action under CERCLA section 104, 42 U.S.C. § 9607. *See* Exhibit A to this Reply, at 27-34.

upgradient of the affected drinking water wells. The Air Force has also entered into a contract for construction of a second groundwater treatment system to be built at another location within the base; both systems are expected to cost approximately $50 million. While this Motion is not the proper forum to litigate the adequacy of the Air Force response action, the notion of the State suffering severe prejudice in the time it will take for the MDL to finalize the transfer order lacks merit.

5. If this case is not held in abeyance pending finalization of transfer, the United States will be prejudiced. The State's injunctive relief request has essentially already been litigated and dismissed (albeit without prejudice, and Plaintiffs seek essentially the same relief as in their earlier case, an injunction requiring response action for PFAS. The United States should not be forced to litigate essentially the same issue a second time in a second forum.

6. Finally, staying the pretrial proceedings in this case until the transfer issue is finalized will conserve the resources of the Court and the parties. Regardless of whether transfer is likely or unlikely, if the transfer order is finalized then any additional resources devoted to this case will have been wasted. However, if the abeyance is granted while the transfer process proceeds, the Court and the parties can attend to other pending and active matters.

For the foregoing reasons, the Court should grant the United States' Motion and place this matter in abeyance until 10 days after the Panel finalizes the transfer decision. If the transfer of this case to the MDL is finalized, then no further proceedings will occur in this Court. If the transfer of this case to the MDL is not finalized, then the United States will file an appropriate scheduling motion within 10 days after the MDL declines to finalize the transfer.

Respectfully submitted this 1st day of August 2025.

        ADAM R.F. GUSTAFSON
        Acting Assistant Attorney General
        U.S. Department of Justice
        Environment and Natural Resources Division

        */s/ Janessa H. Brito*
        JANESSA H. BRITO
        United States Department of Justice
        Environment & Natural Resources Division
        Environmental Defense Section
        P.O. Box 7611
        Washington, DC 20044
        Telephone: (202) 598-3314
        Fax: (202) 514-8865
        Janessa.Brito@usdoj.gov

        */s/ Andrew A. Smith*
        ANDREW A. SMITH
        U.S. Department of Justice
        Environment and Natural Resources Division
        Natural Resources Section
        c/o United States Attorney's Office
        201 Third Street NW, Suite 900
        Albuquerque, New Mexico 87102
        Phone: (202) 598-3803
        Fax: (505) 346-7205
        andrew.smith@usdoj.gov

        *Attorneys for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1st, 2025, I filed the foregoing Reply Memorandum in Support of Motion to Hold Case in Abeyance Pending Transfer to Multidistrict Litigation Case #2873 [ECF No. 9], using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

/s/ *Janessa H. Brito*
JANESSA H. BRITO

*Attorney for the United States*