Case 1:25-cv-00690-WJ-LF   Document 20   Filed 12/12/25   Page 1 of 4
2:18-mn-02873-RMG   Date Filed 12/12/25   Entry Number 8553   Page 1 of 4
Case MDL No. 2873   Document 4061   Filed 12/11/25   Page 1 of 4

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2873

## TRANSFER ORDER

**Before the Panel**:*  We are presented here with two motions. First, the State of New Mexico ex rel. Raúl Torrez and the New Mexico Environment Department, plaintiffs in the District of New Mexico *Torrez* action listed on Schedule A, move under Panel Rule 7.1 to vacate our order that conditionally transferred *Torrez* to the District of South Carolina for inclusion in MDL No. 2873. The federal defendants (the United States and the U.S. Air Force) oppose this motion. Second, 3M Company moves under 28 U.S.C. § 1407(c) to transfer the Eastern District of Oklahoma *Drummond* action listed on Schedule A to MDL No. 2873. The State of Oklahoma ex rel. Gentner Drummond, the plaintiff in *Drummond*, opposes the motion to transfer.

After considering the argument of counsel, we find that *Torrez* and *Drummond* involve common questions of fact with the actions transferred to MDL No. 2873, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of South Carolina was an appropriate Section 1407 forum for actions in which plaintiffs allege that aqueous film-forming foams (AFFFs) used at airports, military bases, or certain industrial locations caused the release of per- or polyfluoroalkyl substances (PFAS) into local groundwater and contaminated drinking water supplies. The MDL actions share factual questions concerning the use and storage of AFFFs; the toxicity of PFAS and the effects of these substances on human health; and these substances' chemical properties and propensity to migrate in groundwater supplies. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018).

In opposition to transfer of *Torrez*, the New Mexico plaintiffs argue that this action, brought under state environmental laws to enforce the terms of an environmental permit issued by the New Mexico Environment Department to the U.S. Air Force for Cannon Air Force Base, will not share factual questions with the actions in the MDL. Plaintiffs contend that their claims are limited to terms of the permit and will not require discovery relating to the Air Force's use of AFFF at Cannon Air Force Base. Plaintiffs also argue that the transferee court has found—with respect to an earlier action by the State that was transferred to the MDL—that the federal

---

* Judges David C. Norton and Madeline Cox Arleo did not participate in the decision of this matter.

Case 1:25-cv-00690-WJ-LF   Document 20   Filed 12/12/25   Page 2 of 4
2:18-mn-02873-RMG   Date Filed 12/12/25   Entry Number 8553   Page 2 of 4
Case MDL No. 2873   Document 4061   Filed 12/11/25   Page 2 of 4

- 2 -

government's defenses in this matter are site-specific and that the court lacks jurisdiction over New Mexico's claims for injunctive relief at Cannon Air Force Base. *See, e.g.*, Order Denying Mots. to Dismiss at 34–35, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. 2:18-mn-02873 (D.S.C. Feb. 27, 2025), ECF No. 6728. Finally, plaintiffs argue that transfer would be burdensome for them and their witnesses and would not result in efficiencies.

We do not find these arguments persuasive. Plaintiffs' allegations regarding the violations of the permit all flow from the Air Force's use of AFFF at Cannon Air Force Base. Indeed, New Mexico sought the same relief in its prior action, which remains pending in the MDL. Further, other actions in the MDL allege AFFF use at Cannon Air Force Base. These actions are being actively litigated in the MDL. *See, e.g.*, Mots. for Partial Summ. J. on CERCLA Liab., *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. 2:18-mn-02873 (D.S.C. June 25, 2025), ECF Nos. 7420 & 7421. *Torrez* will present similar, if not identical, factual questions and will be most efficiently litigated with the other actions involving AFFF use at Cannon Air Force Base.

With respect to plaintiffs' argument that transfer would be inefficient because the transferee court has concluded that the State's injunctive relief claims should proceed, if at all, in state court, we note that *Torrez* is pending in federal district court. To the extent plaintiffs seek remand to state court, the transferee court can decide that motion. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 669 F. Supp. 3d 1375, 1377 (J.P.M.L. 2023) (holding that jurisdictional objections "generally do not present an impediment to transfer"). If the action is properly in federal court, then any jurisdictional issues regarding the injunctive relief plaintiffs seek presumably will exist in both the District of New Mexico and in the transferee court. To the extent plaintiffs argue that they will be prejudiced because caselaw in the Fourth Circuit differs from that in the Tenth Circuit, this argument is not well taken. *See In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322, 1325 (J.P.M.L. 2017) ("Transferee courts consider a wide variety of legal issues that are subject to differing precedent in their transferor courts. Moreover, the Panel does not consider the possible implications with respect to standing or other potential rulings when it selects a transferee district.").

Plaintiffs' employees and witnesses will not be uniquely inconvenienced by transfer. Many of the MDL plaintiffs (including nearly every State plaintiff) bring claims involving parties and witnesses who reside outside the District of South Carolina. *See In re AFFF*, 669 F. Supp. 3d at 1380. Transfer is warranted "if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay." *Id.* (citing *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012)).

Turning to *Drummond*, the State of Oklahoma alleges that defendants designed, manufactured, and sold PFAS and PFAS-containing products that contaminated the State's natural resources, specifically with respect to groundwater at or near a former Gulfstream Aerospace/Rockwell Automation site in Bethany, Oklahoma. We have consistently held that a party seeking to transfer of an action that does not on its face raise claims relating to the use or disposal of AFFF bears a "significant burden" to persuade us that transfer is appropriate. *See* Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Dec. 18, 2019), ECF No. 541. 3M has satisfied that burden here. It argues that *Drummond* will involve AFFF issues and overlaps with actions pending in the MDL, in particular Oklahoma's separate AFFF action and an action brought

Case 1:25-cv-00690-WJ-LF   Document 20   Filed 12/12/25   Page 3 of 4
2:18-mn-02873-RMG   Date Filed 12/12/25   Entry Number 8553   Page 3 of 4
Case MDL No. 2873   Document 4061   Filed 12/11/25   Page 3 of 4

- 3 -

by Oklahoma City. *See State of Okla. v. 3M Co.*, No. 2:24-cv-00308 (D.S.C.); *City of Okla. City v. 3M Co.*, No. 2:25-cv-00602 (D.S.C.). The *Oklahoma City* action alleges AFFF use and contamination at the Wiley Post Airport, which is directly adjacent to (and, in fact, just across the street from) the former Gulfstream site. The State proffers an expert declaration to argue that AFFF-based PFAS contamination from the airport did not migrate to the former Gulfstream site, but the Panel is "neither well-situated nor inclined to weigh the merits of the parties' opposing characterizations of . . . opinions presented in an expert declaration." Transfer Order at 2, MDL No. 2873 (J.P.M.L. June 2, 2025), ECF No. 3536 (internal quotation marks and citation omitted).

Further, the former Gulfstream site itself appears to be at issue in the *Oklahoma City* action. The site is owned by the Oklahoma City Airport Authority, and plaintiffs in the *Oklahoma City* action seek to recover for PFAS contamination (stemming from AFFF use) "at and from all real and personal property in which Plaintiffs' [sic] have an ownership, operational or other legal interest." *Oklahoma City* Compl. ¶ 1.[1] The Panel has transferred several other actions brought by States that overlap with other actions brought by the State or its municipalities pending in the MDL. *See, e.g.*, Transfer Order at 2–3, MDL No. 2873 (J.P.M.L. June 5, 2023), ECF No. 1927 (transferring action by State of Illinois); Transfer Order at 3–5, MDL No. 2873 (J.P.M.L. June 7, 2021), ECF No. 1020 (transferring action by State of Michigan). Transfer of *Drummond* is consistent with our prior practice in this litigation.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton   Matthew F. Kennelly
Roger T. Benitez   Dale A. Kimball

A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: Sandra S. Shealy
DEPUTY CLERK

---

[1] The State reads the *Oklahoma City* complaint as defining plaintiffs' property as encompassing only specific airports, *see id.* ¶ 25, but the complaint does not state that plaintiffs' claims are limited to these airports.

Case 1:25-cv-00690-WJ-LF  Document 20  Filed 12/12/25  Page 4 of 4
2:18-mn-02873-RMG  Date Filed 12/12/25  Entry Number 8553  Page 4 of 4
Case MDL No. 2873  Document 4061  Filed 12/11/25  Page 4 of 4

**IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION**  MDL No. 2873

## SCHEDULE A

<u>District of New Mexico</u>

TORREZ, ET AL. v. UNITED STATES OF AMERICA, ET AL., C.A. No. 1:25−00690

<u>Eastern District of Oklahoma</u>

DRUMMOND v. 3M COMPANY, ET AL., C.A. No. 6:25−00322